

FILED
JUL 0 6 2022
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 22-CR-30034 |
| ) | VIO: 18 U.S.C. § 1343 |
| ) | |
| LORI ZEITLER, ) | |
| ) | |
| Defendant. ) | |

### INDICTMENT

**The Grand Jury charges:**

### COUNTS ONE - FIVE
(Wire Fraud)

At all times material:

1. Christian County Young Men's Christian Association (YMCA) was a not-for-profit Christian based social services organization located in Taylorville, Illinois.

2. LORI ZEITLER, a private citizen living in Taylorville, IL, was employed as a bookkeeper by the YMCA.

3. Daxko was a management software company utilized by the YMCA to store financial and other business data. Daxko required each user to be assigned a unique username and password to login

and use the program. Daxko was only operable with access to the internet, with its server located in Alabama.

4. Beginning on or about July 7, 2017, the YMCA began utilizing the Daxko program to input and manage their financial transactions.

5. As the bookkeeper for the YMCA, LORI ZEITLER was responsible for entering financial transactions into the bookkeeping system, counting incoming funds, and making bank deposits on behalf of the YMCA. LORI ZEITLER utilized her unique username and password to login to Daxko and enter the financial transactions.

## Scheme to Defraud

6. Beginning on or about January 1, 2005, and continuing to at least November 11, 2018, in Taylorville, Illinois, and other locations within the Central District of Illinois and elsewhere,

LORI ZEITLER,

the defendant herein, did knowingly execute a scheme and artifice to defraud the YMCA to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

7. It was part of the scheme to defraud and to obtain money from the YMCA that LORI ZEITLER, using her position as bookkeeper, took payments and money from or designated to go to the YMCA for herself and then would manipulate and change the financial records of the YMCA to hide the misappropriated funds.

8. It was further part of the scheme to defraud and to obtain money from the YMCA that LORI ZEITLER, using her position as bookkeeper, created false and fraudulent entries using the Daxko system, and before the Daxko system was used by the YMCA, on other bookkeeping records to conceal her misappropriation of funds.

## Wire Communications

9. On or about the below listed dates, in Christian County, in the Central District of Illinois and elsewhere,

LORI ZEITLER,

defendant herein, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, did knowingly cause to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Description |
|---|---|---|
| 1 | 07/15/2017 | Entered into the Daxko online system receipts totaling $222.24. |
| 2 | 02/05/2018 | Entered into the Daxko online system receipts totaling $574.96. |
| 3 | 03/01/2018 | Entered into the Daxko online system receipts totaling $384.94. |
| 4 | 03/2/2018 | Entered into the Daxko online system receipts totaling $1,391.24. |
| 5 | 03/31/2018 | Removed a recorded transaction from the Daxko online system. |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The Grand Jury further finds probable cause that:

The allegations contained in Counts One through Five of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

Upon Conviction of the offenses in violation of Title 18, United States Code, Section 1343 set forth in Counts One through Five of this indictment, the defendant, LORI ZEITLER, shall forfeit to the

United States, as part of the sentencing pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property, real or personal, which constitutes or is derived from proceeds traceable to the violations.

The property subject to forfeiture includes, but is not limited to, the following:

A monetary judgment in an amount representing the proceeds the defendant obtained from the scheme alleged in this indictment being: a sum of money of at least $27,508.62 which represents the proceeds of the offenses charged in Counts One through Five that the defendant obtained and that, upon entry of an order of forfeiture, shall be reduced to a monetary judgment.

If any of the property described above as being subject to forfeiture as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be

divided without difficulty

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(l) and Title 28, United States Code, Section 2461(c).

All in accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL,

s/ Foreperson

_____
FOREPERSON

s/ Douglas Quivey

fo: _____
GREGORY K. HARRIS
UNITED STATES ATTORNEY
SSM